# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD A. NESMITH, | Civil Action No. 11-426 |
| Plaintiff, | |
| v. | District Judge Terrence F. McVerry |
| THOMAS LOCOCCO, BEAVER FALLS POLICE DEPT. and CITY OF BEAVER FALLS, PA., et al. | Chief Magistrate Judge Lisa Pupo Lenihan |
| | Re: ECF No. 30 |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss Defendants Scott Chichy, Officer David Johnson, and Officer Michael Schlie at ECF No. 30 be granted and Plaintiff be given 30 days to file a proper Amended Complaint.

### II. REPORT

#### A. Facts

Plaintiff, proceeding pro se, attempts to amend his complaint at ECF No. 26. In a single sentence, Plaintiff avers that he adds Scott Chichy, Officer David Johnson, and Officer Michael Schlie to the above-captioned case stating only that they "stood and did nothing, but watched [Plaintiff's] rights being violated." (ECF No. 26 at 1.)

#### B. Legal Standard

PRO SE PLEADINGS

The court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).

MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 129 S. Ct.1937, 1949 (May 18, 2009) (citing *Twombly,* 550 U.S. at 555-57). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly*, 550 U.S. at 556-57).

In *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in *Phillips v. County of Allegheny,*

515 F.3d 224, 232-33 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of *Twombly* and *Iqbal* as follows:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler*, 578 F.3d at 210.

Thereafter, In light of *Iqbal*, the United States Court of Appeals for the Third Circuit in *Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009), set forth the following two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,*129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips,* 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'- 'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

In support of the Motion to Dismiss pursuant to Rule 12(b)(6), Defendants argue that Plaintiff has failed to state a claim against Defendants Chichy, Johnson and Schlie because the Amended Complaint contains no factual description as to how they were involved in the facts and circumstances giving rise to Plaintiff's claims. Further, Defendants argue that Plaintiff fails to identify the rights these Defendants allegedly violated.

Plaintiff responds that Defendants Chichy, Johnson and Schlie "stood and did nothing but watched Plaintiff's rights being violated." (ECF No. 33 at 1.)

C. Analysis

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 556). Plaintiff must plead facts to show how Defendants Chichy, Johnson and Schlie were involved in the facts and circumstances giving rise to Plaintiff's claims, and what those claims are. If Plaintiff is attempting to state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must plead that Defendants Chichy, Johnson and Schlie personally participated in the allegedly unconstitutional conduct. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). That is, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior."  Id.* Plaintiff can plead this personal involvement by including facts showing "personal direction or actual knowledge and acquiescence." *Id.* "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* Consequently, Plaintiff should amend his complaint to include specific facts as to how Defendants Chichy, Johnson and Schlie were involved in the

4

facts and circumstances giving rise to Plaintiff's claims.  Plaintiff should also identify his rights that he contends were violated.

Plaintiff is advised that should he choose to file an Amended Complaint it must set forth all allegations against all defendants he is naming, including those in his original Complaint.

III. CONCLUSION

It is respectfully recommended that the Motion to Dismiss Defendants Scott Chichy, Officer David Johnson, and Officer Michael Schlie at ECF No. 30 be granted and that Plaintiff be given 30 days from the date the District Court adopts this Report and Recommendation, to file a proper Amended Complaint.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Federal Rule of Civil Procedure 72(b)(2), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: February 14, 2012						BY THE COURT:

								_____
								LISA PUPO LENIHAN
								Chief United States Magistrate Judge

cc:	All Counsel of Record
	Via Electronic Mail

	Richard A. Nesmith
	ORR Center
	6023 Harvard Street
	Pittsburgh, PA  15206